# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BUILDERS BANK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL DEPOSIT INSURANCE ) <br> CORPORATION, ) <br> ) <br> Defendants. ) | Case No. 15 cv 6033 <br><br> Judge Sharon Johnson Coleman |
| BUILDERS BANK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL DEPOSIT INSURANCE ) <br> CORPORATION, ) <br> ) <br> Defendants. ) | Case No. 16 cv 9940 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Builders Bank, filed two complaints (Case No. 15-cv-6033 and Case No. 16-cv-9940) under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq*. Each complaint seeks judicial review of the Report of Examination issued by Federal Deposit Insurance Corporation ("FDIC") assigning a composite CAMELS rating for the year. Defendant, FDIC, filed a consolidated motion to dismiss both complaints for lack of subject matter jurisdiction and for failure to state a claim. For the reasons stated below, the Court grants the motion.

1

**Background**

The Complaint in the 2015 case, filed on July 9, 2015, seeks a judicial determination correcting the FDIC's allegedly erroneous assignment of a "4" composite CAMELS rating. Builders Bank alleges that this rating imposed a higher insurance premium. Similarly, the Complaint in the 2016 case, filed on October 23, 2016, contends that the FDIC composite CAMELS rating was flawed because it overstated Builders Bank's risk profile.

The previously assigned district judge dismissed the 2015 case, finding that this Court lacked jurisdiction pursuant to Rule 12(b)(1) because the assignment of CAMELS ratings is committed to agency discretion by law. *Builders Bank v. Federal Deposit Ins. Corp.*, No. 15 C 6033, Memorandum Opinion and Order, at dkt. 26 (N.D. Ill. Apr. 25, 2016). The Seventh Circuit Court of Appeals reversed, holding that "the presence of capital as one of six components in a CAMELS rating does not necessarily mean that the rating as a whole is committed to agency discretion for the purpose of [5 U.S.C.] § 701(a)(2)." *Builders Bank v. Federal Deposit Ins. Corp.*, 846 F.3d 272, 276 (7th Cir. 2017).[1] In reaching its decision, the Seventh Circuit assumed that the authority to establish the minimum level of necessary or appropriate capital for a particular banking institution is committed to the discretion of the FDIC under § 701(a)(2). *Id.* (citing *Frontier State Bank v. FDIC*, 702 F.3d 588, 593-97 (10th Cir. 2012), which so holds). The Seventh Circuit directed this Court to address on remand, the issue of whether Builders Bank is actually challenging the FDIC's application of the CAMELS factors, or if it is really seeking review of the capital determination. *Id.*

On March 29, 2017, FDIC terminated Builders Bank's insurance under 12 U.S.C. § 1818(p) as part of a voluntary dissolution plan. Dkt. 67-5, Case No. 15-cv-6033, FDIC Motion to Dismiss, Ex. D. On March 31, 2017, the Illinois Department of Financial and Professional Regulation, Division of Banking, granted Builders Bank permission to merge with and into Builders NAB LLC,

---

[1] The 2016 case was stayed pending resolution of that appeal. Both cases are now before this Court, following remand.

an Illinois limited liability company ("LLC"). Dkt. 67-6, Case No. 15-cv-6033, FDIC Motion to Dismiss, Ex. E. Builders Bank ceased operations as of April 11, 2017. *Id.*

**Legal Standard**

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the fundamental question of whether a federal district court has subject-matter jurisdiction over the action before it. Fed.R.Civ.P. 12(b)(1); *see, e.g., Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir.2003), *overruled on other grounds by Minn–Chem, Inc. v. Agrium, Inc.,* 683 F.3d 845 (2012). Dismissal pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction includes dismissal on the basis of the justiciability doctrine of mootness, as mootness is an issue concerning the subject-matter jurisdiction of the federal courts. *See, e.g., Cnty. of L.A. v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) ("But jurisdiction, properly acquired, may abate if the case becomes moot[.]"); *Cornucopia Inst. v. U.S. Dep't of Agric.,* 560 F.3d 673, 676 (7th Cir. 2009) ("It is well established that the federal courts have no authority to rule where the case or controversy has been rendered moot."). "If subject matter jurisdiction is not evident on the face of the complaint, [then] the ... Rule 12(b)(1) [motion is] analyzed [like] any other motion to dismiss, by assuming for the purposes of the motion that the allegations in the complaint are true." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn–Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). But "if the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction, [then] the movant may use affidavits and other material to support the motion." *Id.* (emphasis in original).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When

3

considering the motion, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive dismissal, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).

**Discussion**

FDIC moves to dismiss both complaints for several reasons. First, FDIC contends this Court lacks subject matter jurisdiction because Builders Bank is not the real party in interest and the equitable relief it seeks is moot. FDIC further argues that this Court lacks subject matter jurisdiction based on Section 702 of the APA, barring suits for monetary damages. Next, FDIC argues that there is no final agency action subject to judicial review because there is a statutorily created process for appealing the ratings decision within the agency. Lastly, FDIC asserts that Builders Bank is really challenging FDIC's capital determination and not the CAMELS composite rating. FDIC urges this Court to find that capital determinations are committed to FDIC discretion and therefore not subject to judicial review, relying *Frontier State Bank v. FDIC*, 702 F.3d 588, 593-97 (10th Cir. 2012).

Outside organizations were granted leave to submit briefs as amici curiae, the New York League of Independent Bankers filed one and the Clearing House Association L.L.C., the American Bankers Association, and the Independent Community Bankers of America filed a second brief. The amici curiae briefs were submitted in support of neither party; instead, they argue that this Court should find that CAMELS ratings are not exempt from judicial review.

For the purpose of resolving the preliminary jurisdictional questions, this Court will assume without deciding that CAMELS ratings are not exempt from judicial review. The hurdle here for Builders Bank is that an action brought under the APA must seek relief "other than money

4

damages." 5 U.S.C. § 702. "A party seeks 'money damages' if he or she is seeking 'substitute' relief, rather than 'specific' relief. In other words, '[money] [d]amages are given to the plaintiff to *substitute* for a suffered loss, whereas specific remedies 'are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled.'" *Veluchamy v. F.D.I.C.*, 706 F.3d 810, 815 (7th Cir. 2013) (internal citations omitted). Section 702 acts as a jurisdictional bar when a suit seeks only money damages. *Id.*

Here, Builders Bank asserts that the relief it seeks is (1) to correct the CAMELS ratings the FDIC assigned to Builders Bank, and (2) to refund the resulting excess assessment paid by Builders Bank. Such relief appears on its face to satisfy Section 702. However, Builders Bank is no longer an insured depository institution regulated by the FDIC. Since Builders Bank does not exist as a banking institution insured by FDIC, a reexamination of the CAMELS rating by the Court would be meaningless as a form of relief. A plaintiff may still be seeking "money damages" if the relief sought is "merely a means to the end of satisfying a claim for the recovery of money." *Veluchamy*, 706 F.3d at 816 (quoting *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999)). In *Blue Fox*, the Supreme Court unanimously found "the request for an equitable lien to be a request for money damages because the lien's 'goal [was] to seize or attach money in the hands of the Government as *compensation for the loss* resulting from the default of the prime contractor.'" *Id.* at 816 (emphasis in original) (quoting *Blue Fox*, 525 U.S. at 263, 119 S.Ct. 687)). Therefore, in this instance the refund of any discovered overpayment of insurance premiums would be construed as money damages substituting for the suffered loss.

Underscoring that the primary objective here is monetary relief is the fact that Builders Bank no longer exists. Thus, as noted above review of Builders Bank's CAMELS rating is meaningless. Put another way, Builders Bank's request for judicial review of the CAMELS ratings is moot. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable

interest in the outcome." *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990 (7th Cir. 2000) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). Builders Bank argues that this issue is not moot because, as the Seventh Circuit found, "The effect of CAMELS ratings on insurance premiums creates a concrete stake that makes the current dispute justiciable." *Builders Bank*, 846 F.3d at 275. Of course at the time of the Seventh Circuit's decision, Builders Bank had not dissolved as an entity and, thus, that court did not have an opportunity to consider whether the claim remained justiciable. It is now apparent that the sole purpose of seeking judicial review of the CAMELS ratings is to seek monetary relief, which is barred by Section 702.

Even if this Court were to conclude that the effect of CAMELS ratings on insurance premiums still provided Builders Bank with a cognizable interest in the outcome of a review of the composite ratings, a defunct corporation is not the real party in interest. *See Old Ben Coal Co. v. OWCP*, 476 F.3d 418, 420 (7th Cir. 2007). Under Rule 17(a), "[e]very action shall be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a). Builders Bank claims that it can sue under Rule 17(a)(1)(G) because it is a "a party authorized by statute;" namely, 805 ILCS 180/37-30(a)(5). That provision of Illinois law allows "an action or proceeding pending by or against any constituent organization that ceases to exist may be continued as if the merger had not occurred." 805 ILCS 180/37-30(a)(5).

> [Rule 17(a)] is a procedural rule requiring that the complaint be brought in the name of the party to whom that claim belongs or the party who according to the governing substantive law, is entitled to enforce the right. Under Rule 17 we are concerned only with whether an action can be maintained in the plaintiff's name, and that question is resolved in this case by federal law.

*Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008) (internal citations omitted). Here, federal law governs the substantive claims and Builders Bank does not point to federal statutory authority permitting it to maintain the suit in its name under Rule 17(a)(1)(G). Accordingly, this Court finds that Builders Bank is not able to maintain the complaints at issue.

6

This Court further notes that the Seventh Circuit pointed out other potential procedural impediments to Builders Bank's lawsuits, namely that the "[a]ssignment of a CAMELS rating does not appear not be a final decision [by the agency]," and "the Bank failed to take advantage of the opportunity to have the FDIC's Supervision Appeals Review Committee review the rating." *Builders Bank*, 846 F.3d at 275. As the Seventh Circuit acknowledge, "the absence of a final decision would be just another reason to dismiss the suit[.]" However, this Court need not address these or the remainder of the parties' arguments, having found the claims barred under Section 702 of the APA.

Lastly, Builders Bank filed a motion to strike portions of FDIC's reply brief. Dkt. 101, Case No. 15-cv-6033; Dkt. 64, Case No. 16-cv-9940. Since this Court decided the motion to dismiss without reference to the arguments in sections I(D), II, or III(C) of FDIC's reply brief, the motion to strike is denied as moot.

**Conclusion**

Based on the foregoing discussion, this Court grants FDIC's consolidated motion to dismiss the Complaints in 15 cv 6033 [69] and 16 cv 9940 [28]. Builders Bank's motion to strike is denied [101, 64]. Civil cases terminated.

IT IS SO ORDERED.
    ENTERED:

Dated: 3/30/2018

                                     SHARON JOHNSON COLEMAN
                                     United States District Judge